UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X
MARIA GUAMAN,

         Plaintiff,       CIVIL ACTION NO.

     -against-

                COMPLAINT

AMANECER LATINO RESTAURANT CORP., MIRIAM JARA,
and BLANCA JARA,

         Defendants.
-------------------------------------------------------------------------------X

Plaintiff, Maria Guaman, by her attorneys, Katz Melinger PLLC, complaining of the defendants, Amanecer Latino Restaurant Corp., Miriam Jara, and Blanca Jara (collectively "Defendants"), respectfully alleges as follows:

## I. Nature of Action, Jurisdiction, and Venue

1.  This is an action seeking equitable and legal relief for Defendants' violations of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq*. ("FLSA") and New York Labor Law ("NYLL") §§ 190 *et seq.* and 650 *et seq.* and 12 NYCRR 142-2.14.

2.  This Court has jurisdiction pursuant to 28 U.S.C. § 1331, in that this is an action arising under the FLSA.

3.  This Court has supplemental jurisdiction over the claims arising under New York state law pursuant to 28 U.S.C. § 1367, in that the New York state law claims are so closely related to Plaintiff's federal claims as to form the same case or controversy under Article III of the United States Constitution.

4.  Venue is proper in this judicial district under 28 U.S.C. § 1391, as a substantial part of the events and omissions giving rise to the claims occurred in this judicial district, and

Defendants conduct business through their employees, including Plaintiff, within this judicial district.

## II. Parties

5.     Plaintiff Maria Guaman ("Plaintiff") is an individual residing in the state of New York.

6.     Defendant Amanecer Latino Restaurant Corp. ("Amanecer") is a domestic business corporation with its principal place of business located at 96-38 Corona Avenue, Corona, New York 11368.

7.     Amanecer is a restaurant that serves Latin American cuisine and also operates a night club.

8.     Amanecer is a covered employer within the meaning of the FLSA and NYLL and, at all relevant times, employed Plaintiff.

9.     Defendant Miriam Jara ("Miriam") is an owner of Amanecer.

10.     At all relevant times, Miriam was and still is a senior management level employee of Amanecer who exercised significant control over the company's operations and had the authority to hire, fire, and discipline employees, set employees' work schedules and conditions of employment, determine the rate and method of payment for employees, and maintain employment records.

11.     At all relevant times, Defendant Blanca Jara ("Blanca") was Plaintiff's supervisor.

12.     At all relevant times, Blanca was and still is a senior management level employee of Amanecer who exercised significant control over the company's operations and had the authority to hire, fire, and discipline employees, set employees' work schedules and conditions

of employment, determine the rate and method of payment for employees, and maintain employment records.

13.     At all relevant times, Miriam and Blanca exercised sufficient control over Plaintiff's day-to-day operations to be considered her employers under the FLSA and NYLL.

14.     At all relevant times, Plaintiff was a covered employee within the meaning of the FLSA and the NYLL.

15.     Upon information and belief, Defendants operate in interstate commerce and their revenues are in excess of the minimum required to fall within the jurisdiction of the FLSA.

16.     Defendants are subject to suit under the statutes alleged above.

### III. Factual Allegations

17.     Plaintiff was employed as a waitress at Amanecer from in or around September 2012 until on or around May 13, 2017.

18.     As a waitress, Plaintiff served food and beverages to patrons; cleaned, swept, and mopped the premises; retrieved boxes containing alcoholic beverages from Amanecer's basement; closed the premises at the end of each work day; and performed any other tasks requested by her supervisors.

19.     From the start of her employment until in or around June 2016, Plaintiff regularly worked seven (7) days per week, as follows: Mondays through Thursdays from 4:00 p.m. to 12:30 a.m.; Fridays and Saturdays from 5:00 p.m. to 4:30 a.m.; and Sundays from either 9:00 a.m. to 5:00 p.m. (the "morning shift") or from 5:00 p.m. to 12:30 a.m. (the "night shift").

20.     Therefore, between in or around September 2012 through in or around June 2016, Plaintiff routinely worked approximately sixty-five (65) hours per week during weeks that she

worked the Sunday morning shift, and approximately sixty-four and one-half (64.5) hours per week during weeks that Plaintiff worked the Sunday night shift.

21.     Beginning in or around July 2016, Plaintiff regularly worked six (6) days per week, as follows: Mondays through Wednesdays from 4:00 p.m. to 12:30 a.m.; Fridays and Saturdays from 5:00 p.m. to 4:30 a.m.; and either the morning or night shift on Sundays.

22.     Therefore, between in or around July 2016 and on or around May 13, 2017, Plaintiff routinely worked approximately fifty-six and one-half (56.5) hours per week during weeks that she worked the Sunday morning shift, and approximately fifty-six (56) hours per week during weeks that Plaintiff worked the Sunday night shift.

23.     Plaintiff was not afforded meal or rest breaks at any time during her employment.

24.     Throughout her employment with Defendants, Plaintiff she was compensated at a rate of $30.00 per work day.

25.     However, Defendants failed to compensate Plaintiff for all hours worked from on or around May 7, 2017 until on or around May 13, 2017.

26.     Although Plaintiff received gratuities from the Amanecer's patrons, the amount of gratuities Plaintiff received, when combined with her wages, still often fell below the applicable minimum wage rate.

27.     Plaintiff was a non-exempt employee pursuant to the FLSA and the NYLL, and was entitled to receive at least the minimum wage for all hours worked and overtime compensation at a rate of one and one-half times her regular hourly rate of pay or the minimum wage, whichever is greater, for any hours worked in excess of forty (40) per week.

28.     However, Plaintiff was not paid at least the minimum wage for all hours worked, and did not receive overtime compensation for the hours she worked in excess of forty (40) per week.

29.     Defendants also failed to pay Plaintiff an additional hour of pay at the minimum wage rate on days in which Plaintiff worked a spread of hours that exceeded ten (10) hours.

30.     Plaintiff also did not receive, at the time of her hire or at any time thereafter, a notice containing her rates of pay and the designated payday, or any other information required by NYLL § 195(1).

31.     Defendants further failed to furnish to Plaintiff, with each wage payment, a statement listing her regular and overtime rates of pay, the number of regular and overtime hours worked, or any other information required by NYLL § 195(3).

32.     Defendants violated federal and state law by willfully failing to pay Plaintiff the statutory minimum wages, overtime compensation, and spread of hours wages to which she was entitled, and by failing to provide Plaintiff with the required wage and payroll notices under the NYLL.

### AS AND FOR A FIRST CAUSE OF ACTION
(Minimum Wage Violations under the FLSA)

33.     Plaintiff repeats and realleges all prior allegations set forth above.

34.     Pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 206, Plaintiff was entitled to receive at least the statutory minimum hourly wage for all hours that she worked.

35.     Throughout the relevant time period, Defendants knowingly failed to pay Plaintiff the statutory minimum wage for the hours she worked.

36.     As a result of Defendants' violations of the law and failure to pay Plaintiff the statutory minimum wage, Plaintiff has been damaged and is entitled to recover from Defendants all minimum wages due, along with all reasonable attorneys' fees, interest, and costs.

37.     As Defendants did not have a good faith basis to believe that their failure to pay minimum wages was in compliance with the law, Plaintiff is entitled to additional damages equal to one hundred percent (100%) of the total amount of wages due ("liquidated damages").

38.     Judgment should be entered in favor of Plaintiff and against Defendants on the First Cause of Action in the amount of Plaintiff's unpaid minimum wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

## AS AND FOR A SECOND CAUSE OF ACTION
(Overtime Violations under the FLSA)

39.     Plaintiff repeats and realleges all prior allegations set forth above.

40.     Pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 207, Plaintiff was entitled to receive overtime compensation of one and one-half times her regular hourly rate of pay or the minimum wage, whichever is greater, for all hours worked in excess of forty (40) per week.

41.     Plaintiff regularly worked in excess of forty (40) hours per week during her employment with Defendants.

42.     However, Defendants knowingly failed to pay Plaintiff overtime wages of one and one-half times her regular hourly rate of pay or the minimum wage, whichever is greater, for each hour worked in excess of forty (40) in a workweek.

43.     As a result of Defendants' violations of the law and failure to pay Plaintiff the required overtime wages, Plaintiff has been damaged and is entitled to recover from Defendants all overtime wages due, along with all reasonable attorneys' fees, interest, and costs.

44.     As Defendants did not have a good faith basis to believe that their failure to pay overtime wages was in compliance with the law, Plaintiff is entitled to liquidated damages.

45.     Judgment should be entered in favor of Plaintiff and against Defendants on the Second Cause of Action in the amount of Plaintiff's unpaid overtime wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

## AS AND FOR A THIRD CAUSE OF ACTION
(Minimum Wages Violations under the NYLL)

46.     Plaintiff repeats and realleges all prior allegations set forth above.

47.     Pursuant to the applicable provisions of the NYLL §§ 650, *et seq.* and 12 NYCRR §142-2.1, Plaintiff was entitled to receive the statutory minimum wage for all of the hours she worked.

48.     Throughout the relevant time period, Defendants knowingly failed to pay Plaintiff the statutory minimum wage for the hours she worked.

49.     As a result of Defendants' violations of the law and failure to pay Plaintiff the required minimum wages, Plaintiff has been damaged and is entitled to recover from Defendants all minimum wages due, along with all reasonable attorneys' fees, interest, and costs.

50.     As Defendants did not have a good faith basis to believe that their failure to pay minimum wages was in compliance with the law, Plaintiff is entitled to liquidated damages.

51.     Judgment should be entered in favor of Plaintiff and against Defendants on the Third Cause of Action in the amount of Plaintiff's unpaid minimum wages, liquidated damages,

attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Overtime Violations under the NYLL)

52.     Plaintiff repeats and realleges all prior allegations set forth above.

53.     Pursuant to the applicable provisions of the NYLL §§ 190, *et seq.* and 650, *et seq.*, and 12 NYCRR § 142-2.2, Plaintiff was entitled to receive overtime compensation of one and one-half times her regular hourly rate of pay or the minimum wage, whichever is greater, for all hours worked in excess of forty (40) per week.

54.     Plaintiff regularly worked in excess of forty (40) hours per week during her employment with Defendants.

55.     However, Defendants knowingly failed to pay Plaintiff overtime wages of one and one-half times her regular hourly rate of pay or the minimum wage, whichever is greater, for each hour worked in excess of forty (40) in a workweek.

56.     As a result of Defendants' violations of the law and failure to pay Plaintiff the required overtime wages, Plaintiff has been damaged and is entitled to recover from Defendants all overtime wages due, along with all reasonable attorneys' fees, interest, and costs.

57.     As Defendants did not have a good faith basis to believe that their failure to pay overtime wages was in compliance with the law, Plaintiff is entitled to liquidated damages.

58.     Judgment should be entered in favor of Plaintiff and against Defendants on the Fourth Cause of Action in the amount of Plaintiff's unpaid overtime wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

8

## AS AND FOR A FIFTH CAUSE OF ACTION
(Failure to Timely Pay Wages under the NYLL)

59.     Plaintiff repeats and realleges all prior allegations set forth above.

60.     Pursuant to the provisions of NYLL § 191(1)(a)(i), Plaintiff was entitled to be paid not later than seven (7) calendar days after the end of the week in which her wages were earned.

61.     During the relevant time period, Defendants routinely failed to pay Plaintiff all of the wages she earned, including minimum wages, overtime wages, and spread of hours pay, within seven (7) calendar days after the end of the week in which the wages were earned, in violation of NYLL § 191(1)(a)(i).

62.     As a result of Defendants' violations of the law and failure to pay Plaintiff in accordance with NYLL § 191(1)(a)(i), Plaintiff has been damaged and is entitled to recover from Defendants all wages due, along with all reasonable attorneys' fees, interest, and costs.

63.     Judgment should be entered in favor of Plaintiff and against Defendants on the Fifth Cause of Action in the amount of Plaintiff's unpaid wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

## AS AND FOR A SIXTH CAUSE OF ACTION
(Spread of Hours Violations under the NYLL)

64.     Plaintiff repeats and realleges all prior allegations.

65.     Pursuant to NYLL §§ 650, *et seq.* and the supporting New York State Department of Labor Regulations, including, but not limited to the Hospitality Industry Wage Order, 12 N.Y.C.R.R. §§ 146-1.6, Defendants were required to pay Plaintiff additional compensation of one hour's pay at the basic minimum hourly wage rate for each day during which Plaintiff worked more than ten (10) hours.

66.     Although Plaintiff routinely worked a spread of hours that exceeded ten (10) hours per day, Defendants failed to pay Plaintiff an additional hour's pay at the minimum wage rate for each such day.

67.     By failing to pay Plaintiff spread of hours pay, Defendants willfully violated NYLL §§ 650, *et seq.* and the supporting New York State Department of Labor Regulations, including, but not limited to the Hospitality Industry Wage Order, 12 N.Y.C.R.R. §§ 146-1.6.

68.     Judgment should be entered in favor of Plaintiff and against Defendants on the Sixth  Cause of Action in the amount of Plaintiff's unpaid spread of hours wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

## AS AND FOR A SEVENTH CAUSE OF ACTION
(Failure to Provide Payroll Notices Under the NYLL)

69.     Plaintiff repeats and realleges all prior allegations.

70.     Defendants failed to furnish to Plaintiff, at the time of her hire or at any time thereafter, a notice containing her rate or rates of pay and basis thereof; allowances, if any, claimed as part of the minimum wage; the regular pay day designated by Defendants; and other information required by NYLL § 195(1).

71.     As Defendants failed to provide Plaintiff with a notice required by NYLL § 195(1), Plaintiff is entitled to liquidated damages in the amount of $50.00 per day in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys' fees and costs.

## AS AND FOR A EIGTH CAUSE OF ACTION
(Failure to Provide Wage Statements Under the NYLL)

72.     Plaintiff repeats and realleges all prior allegations

73.     Throughout the relevant time period, Defendants failed to furnish to Plaintiff, with each wage payment, a statement listing her rate or rates of pay and basis thereof; her regular hourly rate or rates of pay; her overtime rate or rates of pay; the number of regular and overtime hours she worked, gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages; in violation of NYLL § 195(3).

74.     As Defendants failed to provide Plaintiff with the notices required by NYLL § 195(3), Plaintiff is entitled to liquidated damages in the amount of $250.00 per day for every day in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys' fees and costs.

**WHEREFORE** Plaintiff prays for relief as follows:

a) on the First Cause of Action for all minimum wages due, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

b) on the Second Cause of Action for all overtime wages due to Plaintiff, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

c) on the Third Cause of Action for all minimum wages due, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

d) on the Fourth Cause of Action for all overtime wages due, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

e) on the Fifth Cause of Action for all wages due, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

f) on the Sixth Cause of Action for all spread of hours wages due, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

g) on the Seventh Cause of Action for liquidated damages in the amount of $50.00 per day in which the violation occurred, up to a maximum of $5,000.00, along with reasonable attorneys' fees in an amount to be determined by this Court;

h) on the Eighth Cause of Action for liquidated damages in the amount of $250.00 per day for every day in which the violation occurred, up to a maximum of $5,000.00, along with reasonable attorneys' fees in an amount to be determined by this Court;

i) interest;

j) costs and disbursements; and

k) Such other and further relief as the Court deems just and proper.


Dated:  New York, New York
         April 10, 2018

                                        /s/ Nicole D. Grunfeld
                                        Nicole D. Grunfeld
                                        Katz Melinger PLLC
                                        280 Madison Avenue, Suite 600
                                        New York, New York 10016
                                        (212) 460-0047
                                        ndgrunfeld@katzmelinger.com
                                        *Attorneys for Plaintiff*